Stephen M. Fishback (State Bar No. 191646)
SFishback@kfjlegal.com
Diran H. Tashjian (State Bar No. 259192)
Dtashjian@kfjlegal.com
**KELLER, FISHBACK & JACKSON LLP**
28720 Canwood St., Ste 200
Agoura Hills, CA 91301
Telephone: 818.342.7442
Facsimile: 818.342.7616

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BILLIE CUNNINGHAM and MARIA CUNNINGHAM;<br><br>Plaintiffs,<br>vs.<br><br>AIR & LIQUID SYSTEMS CORP., *et al.*;<br><br>Defendants. | Case No. 2:16-cv-03764-SJO (GJSx)<br><br>Judge: Hon. S. James Otero<br>Room: 10C<br><br>**PLAINTIFFS' OBJECTION AND RESPONSE TO DEFENDANT OWENS-ILLINOIS INC.'S MOTION IN LIMINE TO BAR THE "ANY EXPOSURE" OPINION OR, IN THE ALTERNATIVE, REQUEST FOR A DAUBERT HEARING FILED BY DEFENDANT OWENS-ILLINOIS, INC.**<br><br>**(OWENS-ILLINOIS, INC.'S MOTION IN LIMINE NO 7.)**<br><br>Complaint Filed: March 30, 2016<br>Trial Date: June 20, 2017 |

## INTRODUCTION

Owens-Illinois, Inc.'s (Defendant) motion is defective in that it fails to include the required declaration required by Paragraph 20(a) of this Court's standing order and fails to identify any specific piece of evidence Defendant seeks to exclude. Defendant does not offer any specific testimony from Plaintiffs' experts that Defendant seeks to exclude nor does Defendant even discuss the proper standard of causation in California relating to asbestos disease. Defendant's motion is hopelessly overbroad and should be denied.

Cancer-causing substances, like asbestos, are said to exhibit a "dose response." That is, in a population of exposed persons, the likelihood that a particular individual will develop cancer is proportional to the amount of exposure. In other words, the more you're exposed, the greater the risk of developing cancer. Experts agree that the relationship between asbestos exposure and cancer follows a dose-response relationship. Another way of stating this dose-response relationship is to say that "all doses contribute" and each dose contributes in proportion to its size. That is, large doses cause a large increase in the risk, and small doses contribute only a small increase in the risk.

Defendants try to use this well-understood relationship to argue that plaintiffs' experts are claiming that any exposure, no matter how small or insignificant, contributes to the risk, and such a statement should not be permitted. In effect, they seek to bar any explanation of the dose-response relationship.

## FACTS AND ARGUMENT

### A. DEFENDANT'S MOTION IS DEFECTIVE AS IT FAILS TO INCLUDE THE REQUIRED DECLARATION

Paragraph 20(a) of this Court's standing order requires the following:

> [C]ounsel contemplating filing of any motion shall first contact opposing counsel to "discuss thoroughly, preferably in person,

> the substance of the contemplated motion and any potential resolution." L.R. 7-3. The Court construes this requirement strictly. Half-hearted attempts at compliance with this rule will not satisfy counsel's obligation. The parties must discuss the substantive grounds for the motion and attempt to reach an accord that would eliminate the need for the motion. The Court strongly emphasizes that under L.R. 7-3, discussions of the substance of contemplated motions are to take place, if at all possible, in person. Only in exceptional cases will a telephonic conference be allowed.
>
> All motions must include a declaration by counsel briefly describing the parties' discussion and attempt to eliminate the need for the motion and the date of such discussion. Filings not in compliance with L.R. 7-3 will be denied.

Defendant’s motion fails to include the required declaration nor is there any other evidence of any substantive discussion of any issue raised in Defendant’s motion. Paragraph 20(a) of this Court’s order requires that Defendant’s motion be denied in its entirety without any further consideration.

**B. DEFENDANT’S MOTION IS DEFECTIVE AS IT FAILS TO IDENTIFY ANY SPECIFIC EVIDENCE AND IMPROPERLY SEEKS A FINDING ON RESPONSIBILITY**

Defendant’s motion in limine is defective as it fails to identify any specific piece of evidence Defendant seeks to exclude. Whether the failure to do so was intentional or inadvertent is not known to Plaintiffs. Until Defendant identifies any specific piece of evidence it seeks to exclude, Plaintiffs are unable to address the relevance and admissibly of that evidence to this action and how that evidence is related to Plaintiffs claims. Until Defendant identifies any specific piece of evidence it seeks to exclude, Plaintiffs cannot submit argument to the Court as to how the probative value outweighs any perceived prejudice to Defendant.

Defendant is requesting this court to make an across-the-board ruling with respect to the introduction of expert evidence related to causation in the absence of any context. This is improper. It is also premature. Plaintiffs have already disclosed the body of evidence and prior testimony Plaintiffs intend to rely upon at trial in this action. And yet, Defendant does not cite to any specific piece of evidence or testimony it seeks to exclude.

To the extent that defendant has an objection with respect to the introduction of specific evidence at trial, they can make the appropriate objection at that time. Until then, however, this motion should be denied. Until the evidence is actually offered, and the court is aware of its relevance in context, its probative value and its potential for prejudice, matters related to the state of the evidence at the time the objection is made, the court cannot rule on its admissibility.

**C. PLAINTIFFS WILL PROVE EXPOSURE TO ASBESTOS FROM DEFENDANT'S PRODUCTS WAS A SUBSTANTIAL FACTOR CONTRIBUTING TO HIS RISK OF DEVELOPING AN ASBESTOS-RELATED DISEASE**

Asbestos causation was addressed by the California Supreme Court in the case of *Rutherford v. Owens-Illinois, Inc.*, 16 Cal.4th 953, 67 Cal.Rptr.2d 16, 941 P.2d 1203 (1997). The causation rule developed in Rutherford has been adopted as a jury instruction, CACI 435. That instruction reads as follows:

435 Causation for Asbestos-Related Cancer Claims

> A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It does not have to be the only cause of the harm.
>
> [*Name of plaintiff*] may prove that exposure to asbestos from [*name of defendant*]'s product was a substantial factor causing

> [his/her/[*name of decedent*]'s] illness by showing, through expert testimony, that there is a reasonable medical probability that the exposure was a substantial factor contributing to [his/her] risk of developing cancer.

This instruction sets forth precisely what plaintiff will prove in this case. The question—of whether an exposure to asbestos is too minimal to cause a substantial increase in risk—is a question of fact for the jury decide.

Experts on both sides in this case will all agree that the relationship between asbestos exposure and asbestos-related disease exhibits what is known as a "dose-response" relationship. Unfortunately, this issue becomes confused due to the overlap when this concept is applied to two different types of biological responses: toxicity response vs. carcinogenicity response.

Toxicity response refers to the fact that some substances become poisonous only over a certain dose. Low doses of alcohol, for example, can be benign, whereas large doses clearly have a significant toxic effect, even fatal. Thus, such effects are sometimes described as "the dose makes the poison", meaning the level of the dose determines whether the effect (or response) is toxic or not.

Carcinogenicity is a little different. One either develops cancer or not. More exposure to a cancer-causing (carcinogenic) substance doesn't make the cancer worse. When scientists say that a carcinogen exhibits a "dose-response" relationship, they mean that statistically, when looking at exposed groups of people, if the dose of the carcinogen is higher, more cases of cancer would be expected to develop. Thus, scientists refer to the risk of developing cancer as being related to the dose: the higher the dose, the greater the risk of developing cancer. Conversely, by lowering the exposure level, fewer cases of cancer will be expected. Asbestos causation of asbestosis follows a nearly identical causal relationship.

The *Rutherford* decision examined the issue of asbestos causation in great detail. The opinion describes the medical evidence regarding asbestos

carcinogenicity:

> Medical testimony was also presented to establish that the plaintiffs' asbestos-related disease was "dose-related"—i.e., that the risk of developing asbestos-related cancer increased as the total occupational dose of inhaled asbestos fibers increased. Dr. Allan Smith, a professor of epidemiology, testified that asbestos-related lung cancers are dose-related diseases, and that all occupational exposures through the latency period can contribute to the risk of contracting the diseases. Owens–Illinois's own medical expert, Dr. Elliot Hinckes, testified that asbestos-related cancers are dose responsive, and that if a worker had occupational exposure to many different asbestos-containing products, each such exposure would contribute to the degree of risk of contracting asbestos-related lung cancer, although he testified further that a very light or brief exposure could be considered "insignificant or at least nearly so" in the "context" of other, very heavy exposures. *Rutherford*, *supra,* 16 Cal.4th at 961.

The California Supreme Court adopted the medically accepted view of asbestos disease causation, recognizing that the harmful nature of a substance means that exposure will increase the likelihood of developing disease. Accordingly, they devised the rule stated in CACI 435 above: plaintiff may prove that the exposure in question was a substantial factor by proving that the exposure increased the risk of developing an asbestos-related disease.

Plaintiffs will present expert testimony regarding the exposures to asbestos that resulted from the products of the defendants. Plaintiffs' experts will address whether such exposures were a substantial factor in increasing the risk of plaintiff developing

an asbestos-related disease. Plaintiffs' experts will necessarily need to address questions of the dose-response nature of the diseases resulting from asbestos exposure. Defendants' motion seeks to prevent plaintiffs' experts from addressing precisely the factors that California law requires plaintiff to prove: factors such as asbestos dose-response inducement of disease. A dose response means that the larger the dose, the greater the risk. Another way of stating this is "every exposure increases the risk of disease", because every exposure increases the dose, with a corresponding increase in the risk. Plaintiff's evidence must necessarily address such issues, if plaintiffs are to prove their case in accord with the requirements imposed by *Rutherford*.

Because plaintiffs' evidence must address asbestos causation, this court should not restrict plaintiffs' evidence in the manner sought by defendants. Instead, defendants' motion should be denied.

**D. DEFENDANTS MAY NOT OBTAIN A *DAUBERT* HEARING THROUGH A MOTION IN LIMINE, NOR IS THE ISSUE OF WHAT CONSTITUTES A SUBSTANTIAL FACTOR PROPERLY THE SUBJECT OF SUCH A HEARING.**

Under Rule 702, an expert witness, "qualified . . . by knowledge, skill, experience, training, or education," may testify if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Defendants' motions regarding what constitutes a substantial factor relate to expert opinion evidence, the admissibility of which is determined by consideration of whether the opinion is based on matter (including special knowledge, skill,

experience, training and education) that is of a type that reasonably may be relied on by an expert in forming an opinion on the subject to which the expert's testimony relates. Fed. R. Evid. 702.

Similarly to the medical testimony presented by plaintiffs in *Rutherford*, plaintiffs in this case will present qualified expert causation testimony that plaintiff's asbestos-related disease was dose-related, i.e. that the risk of developing lung cancer increased as the total occupational dose of inhaled fibers increased. Plaintiffs' experts will further testify that given the dose-response nature of plaintiff's asbestos-related disease, all occupational exposure through the latency period, including exposures to defendants' asbestos-containing products, contributed to plaintiff's risk of developing his lung cancer.

The above-opinions offered by plaintiffs' medical experts in this case are virtually identical to those by plaintiff's experts in *Rutherford*, and absolutely proper under the *Rutherford* holding. Moreover, plaintiff's experts have special knowledge, skill, experience, training and education as required by E Fed. R. Evid. 702 to be qualified to give opinions on the subject of causation in an asbestos-related cancer cases. There can likewise be no dispute that their testimony will be helpful to assisting the trier of fact in deciding the issue of legal cause as required by Fed. R. Evid. 702.

Defendants' experts will no doubt opine that it takes herculean doses of asbestos fibers, (particular to chrysotile) before someone's risk of getting any asbestos-related disease is elevated. Thus, exposure to defendants' chrysotile asbestos-containing products will never be a substantial factor in causing any asbestos-related disease. While plaintiffs' experts are certainly capable of pointing out the holes in the unfounded opinions of defendants' experts, it is equally important that the Court decline to adopt one side's position about what constitutes a "substantial factor", and allow the jurors to make a determination based upon the

competing medical testimony and applicable legal instructions mandated by *Rutherford*. Defendants' arguments that the analysis of plaintiffs' causation experts is wrong, is simply that – argument – and this Court must leave it for the jury to decide the ultimate issue of legal causation in this case.

## CONCLUSION

Plaintiffs request that Defendant's motion be denied in its entirety due to both the procedural and factual defects in the motion identified herein.

Dated: May 23, 2017

**KELLER, FISHBACK & JACKSON LLP**

By: /s/ Diran H. Tashjian
Diran H. Tashjian (State Bar No. 259192) dtashjian@kfjlegal.com
28720 Canwood St., Ste 200
Agoura Hills, CA 91301
Phone: 818.342.7442
Attorney for Plaintiffs